IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD G. TATUM, individually and    )
on behalf of a class of all other persons    )
similarly situated,    )
    )
                    Plaintiffs,    )
    )
        v.    )        1:02CV00373
    )
R.J. REYNOLDS TOBACCO COMPANY;    )
R.J. REYNOLDS TOBACCO HOLDINGS,    )
INC.; THE R.J.R. EMPLOYEE BENEFITS    )
COMMITTEE OF THE R.J. REYNOLDS    )
TOBACCO COMPANY CAPITAL    )
INVESTMENT PLAN; THE R.J.R. PENSION    )
INVESTMENT COMMITTEE OF THE R.J.    )
REYNOLDS TOBACCO COMPANY    )
CAPITAL INVESTMENT PLAN,    )
    )
                    Defendants.    )
_____    )

MEMORANDUM ORDER

TILLEY, Chief Judge

        This suit arises from a dispute between Plaintiff Richard G. Tatum[1] and

Defendants regarding the alleged mismanagement of the R.J. Reynolds Capital

Investment Plan in which Mr. Tatum was a participant.  This matter is currently

before the Court on Defendants' second Motion to Dismiss [Doc. #31] and

Plaintiff's Motion to Defer Ruling on Issues Raised in Defendants' second Motion to

Dismiss [Doc. #34].  For the reasons set forth below, Plaintiff's Motion will be

_____

        [1] Plaintiff is bringing suit individually and on behalf of all persons similarly
situated.

GRANTED in part and DENIED in part.

I.

Plaintiff, Mr. Tatum, instituted this action in May 2002,[2] alleging Defendants breached their fiduciary duty by mismanaging the 401(k) retirement plan ("the Plan") in which he was a participant. Mr. Tatum seeks to make the Plan whole for its losses under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). On July 29, 2002, in accordance with the briefing schedule agreed to by the parties and approved by the Court, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. #6]. Defendants asserted two grounds in support of their motion: (1) Mr. Tatum fails to state a claim under ERISA because the actions about which he complains are not subject to ERISA's fiduciary duty provisions; and (2) even if the actions had been subject to a fiduciary duty under ERISA, the Complaint fails to state a claim for breach of fiduciary duty. On December 10, 2003, an Order was issued granting Defendants' motion and dismissing the action because Mr. Tatum failed to allege any fiduciary action on the part of Defendants resulting in losses to the plan [Docs. #21 & 22]. The Court did not address Defendants' second argument.

On December 14, 2004, the United States Court of Appeals for the Fourth Circuit reversed this Court's holding, finding that Mr. Tatum had alleged sufficient

---

[2] Mr. Tatum's Complaint was filed on May 13, 2002 [Doc. #1] and his First Amended Complaint was filed on May 23, 2002 [Doc. #3].

2

fiduciary action to support his breach of fiduciary duty claim, and remanded the case for further proceedings.  See Tatum v. R.J. Reynolds Tobacco Co., et al, 392 F.3d 636 (4th Cir. 2004).

On January 20, 2005, Defendants filed another motion to dismiss seeking dismissal on the ground previously raised but not addressed as well as three additional grounds [Doc. #31].  Specifically, Defendants moved to dismiss because:

(1)     Tatum seeks individual relief, not relief for the benefit of the Plan as a whole, and therefore cannot state a claim under ERISA §§ 409(a) and 502(a)(2);

(2)     As a matter of law, the RJR Pension Investment Committee and RJR Employee Benefits Committee are not "persons" as defined in ERISA and therefore cannot be sued for breach of fiduciary duties under ERISA's plain terms;

(3)     The Amended Complaint fails adequately to plead that RJR Tobacco Company and RJR Tobacco Holdings, Inc. were fiduciaries, because it contains mere legal conclusions and literally no factual allegations; and

(4)     Plaintiff's fiduciary breach claim fails to state a claim because it improperly relies solely on hindsight and on the predictions of an unstated number of unnamed market analysts as to the future performance of the eliminated investment options.

On February 9, 2005, Mr. Tatum filed a motion requesting deferral of any ruling on the Defendants' second motion to dismiss until the conclusion of discovery and requesting that Defendants be ordered to file their answer without delay [Doc. #34].  This motion will now be considered.

3

Mr. Tatum contends that discovery will benefit both parties and the Court because it will allow for the development of a record which the Court can then rely on when considering the Defendants' second motion to dismiss. Specifically, Mr. Tatum asserts that discovery would aid the Court in determining the "fact-specific functional definition of a fiduciary" and in evaluating "defendants' specific acts and/or failures to act in evaluating whether to keep or sell the Plan's Nabisco stock." (Pl.'s Mot. to Defer Br. 3.) Indeed, Defendants' third ground for dismissal asserts that Mr. Tatum does not allege any facts supporting his claim that RJR Tobacco Company and RJR Tobacco Holding Company exercised discretionary authority and control with respect to the management and administration of the Plan. Similarly, Defendants' fourth ground for dismissal contends that Mr. Tatum fails to plead facts that support his claim in part because he relies "on the advice of an unstated number of unnamed market analysts." (Defs.' Mot. Dismiss 18.) Because Defendants base their motion to dismiss on the ground that Mr. Tatum has not alleged particular facts to support his claims, allowing a limited time for discovery on these particular issues would be beneficial both to the parties and the Court.

Mr. Tatum, however, does not argue that discovery will benefit the Court in its consideration of the first and second grounds asserted in Defendants' second motion to dismiss. These two issues – (1) whether Mr. Tatum seeks relief for the

Plan as a whole, and (2) whether RJR Pension Investment Committee and RJR Employee Benefits Committee are "persons" as defined in ERISA – would not benefit from additional discovery. Thus, discovery at this time will be limited to the facts relevant to Defendants' third and fourth grounds asserted in support of dismissal.

It is also unnecessary for Defendants to be ordered file their answer and proceed with the entire course of discovery at this point in the proceeding. Although Mr. Tatum's concern that over three years has passed since this case was filed is noted, any delay is attributable to the particular development and course of this case and not to any wrongdoing by the Defendants. All of Defendants motions have been timely and appropriate. However, ordering the Defendants to file their answer and proceed with through the complete discovery process before ruling on their motion to dismiss would punish them without justification. Therefore, although limited discovery at this stage could serve to aid the parties and the Court, the Defendants will not be required to promptly file their answer.

III.

For the foregoing reasons, Plaintiff's Motion to Defer Ruling on Issues Raised in Defendants' Second Motion to Dismiss is GRANTED in part and ruling on Defendants' motion is hereby STAYED for sixty (60) days beginning on February 8, 2006 to allow parties to engage in discovery limited to the following two issues:

5

1.  Any discretionary authority or control exercised by RJR Tobacco Company and RJR Tobacco Holding Company with respect to management and administration of the Plan; and

2.  Defendants' specific acts and/or failures to act in evaluating whether to keep or sell the Plan's Nabisco stock.

At the close of this sixty (60) day period, parties are given an additional two weeks to provide any supplemental briefing necessary for the determination of Defendants' second motion to dismiss.

Plaintiff's request that Defendants be ordered to file an answer without delay is DENIED.

This the day of February 6, 2006

　　　/s/ N. Carlton Tilley, Jr.　
United States District Judge

6