IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD G. TATUM, individually and )
on behalf of a class of all other persons )
similarly situated, )
 )
                Plaintiff, )
 )
v. )      Civil Action No. 1:02 CV 00373
 )
R.J. REYNOLDS TOBACCO )
COMPANY, *et al.*, )
 )
              Defendants. )
 )

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery and trial in this action may require the production and

disclosure of documents, testimony, or other materials that contain confidential and

proprietary information requiring protection against unrestricted disclosure and use by the

opposing party,

IT IS HEREBY AGREED AND ORDERED:

By and between Plaintiff Richard G. Tatum and Defendants R. J. Reynolds

Tobacco Company and R. J. Reynolds Tobacco Holdings, Inc. (collectively, the

"parties"), through their respective counsel, and subject to the approval of this Court, that

the following Order be entered in this action governing the disclosure of trade secret,

confidential, and/or proprietary information provided in discovery in this action by any

party or non-party:

1.      Any document, thing or information requested in discovery in this matter

which, in the good faith opinion of the party providing such discovery (the "producing

party"), contains general trade secret or other confidential, development, proprietary, financial or commercial information under standards developed under Federal Rule of Civil Procedure 26(c) may be designated by the producing party as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION, designated in accordance with paragraph no. 2 of this Order, shall be disclosed or made available only to persons specified in paragraph no. 3 of this Order.

2. CONFIDENTIAL INFORMATION, as described in paragraph no. 1 herein, may be made subject to this Order as follows:

(a) With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any confidential information appears with the legend "CONFIDENTIAL".

(b) If, in lieu of producing copies of original documents which contain confidential information, a party makes such originals available for inspection, counsel for the producing party may orally designate such original documents as "CONFIDENTIAL," thereby making them subject to this Order. However, any copies of such documents must be marked "CONFIDENTIAL" by the producing party at the time they are supplied to opposing counsel in order to make such copies subject to this Order.

(c) Specific testimony or information disclosed at a deposition may be designated as CONFIDENTIAL INFORMATION by a Party (or by a non-party that gives the testimony) by indicating on the record at the deposition what specific

2

portion of the testimony contains CONFIDENTIAL INFORMATION and is subject to the provisions of this Order. When a Party or non-party believes that it is impractical during the course of a deposition to identify separately each portion of testimony that is entitled to protection, it shall so state on the record. The Party or non-party that so states shall then have the right up to 10 days after the transcript of the deposition has been prepared to identify in writing the specific portions of the testimony as to which protection is sought, by page and line number, and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Order.

Transcript pages containing CONFIDENTIAL INFORMATION must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(d) To the extent that responses to written discovery contain CONFIDENTIAL INFORMATION, such information shall be provided in a separate document and designated as CONFIDENTIAL INFORMATION by prominently marking the document "CONFIDENTIAL".

(e) Tangible objects may be designated as CONFIDENTIAL INFORMATION by affixing to the object or its container a label or tag marked "CONFIDENTIAL".

3

(f)    Except as provided in this paragraph, without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any information designated CONFIDENTIAL.  A Party that seeks to file under seal any information designated CONFIDENTIAL must do so in compliance with any applicable decision(s) of the United States Court of Appeals for the Fourth Circuit and with any decision(s) and/or applicable procedure(s) of this Court.  To the extent not inconsistent with any such decisions and procedures, the following procedure shall apply.  A Party that seeks to file under seal any information designated CONFIDENTIAL must make a motion to file documents under seal.  If the Court denies the request to seal, then the Receiving Party must wait three business days.  If the Designating Party does not file a motion for a protective order within three business days of the denial of the request to seal, the Receiving Party may file the information designated CONFIDENTIAL in the public record on or after the fourth business day following the denial of the request to seal.  If the Designating Party moves for a protective order within three business days, the Receiving Party may, in opposing such motion, seek leave to file the information at issue in the public record in the event that the motion is denied, and may file such information in the public record if the request to do so is granted. Information designated CONFIDENTIAL that is subject to a request to file under seal will, upon becoming appropriate for filing in the public record pursuant to the

4

terms of this paragraph and upon actual filing, be deemed filed when initially presented to the Court with the request to file under seal.

(g) A party that fails to mark an item as CONFIDENTIAL at the time of production may later correct its failure in writing, accompanied by substitute copies of each item, container, or folder, bearing the appropriate confidentiality legend. Within five (5) days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked items, containers or folders and all copies, and shall subsequently treat such substituted items as CONFIDENTIAL INFORMATION.

3. CONFIDENTIAL INFORMATION, as described in paragraph no. 1 of this Order, and any analysis or report containing confidential information, may be made available to, used and/or inspected by, attorneys and staff of the Recipient Party's law firm(s). The party receiving the information from the Producing Party shall be referred to as the "RECIPIENT PARTY." Such CONFIDENTIAL INFORMATION and any analysis or report containing confidential information may also be made available to and inspected by:

(a) The RECIPIENT PARTY, employees of the Recipient Party or Parties, and members of any class certified by the Court who have a reasonable need to review the material for the purpose of this litigation;

(b)     Any in-house corporate counsel for the Recipient Party or Parties, and any necessary support personnel assisting such attorneys, who have a reasonable need to review the material for the purpose of this litigation;

(c)     Court reporters recording testimony involving such documents or information and reasonably necessary stenographic and clerical personnel;

(d)     Outside copy services and professional vendors engaged by the receiving party's attorneys only and whose functions reasonably require them to have access to the material for the purpose of this litigation;

(e)     Independent experts and their staff who have a reasonable need to review the material for the purpose of this litigation;

(f)     The author of the document and all persons to whom the document was addressed or copied by the author;

(g)     Witnesses in the action to whom disclosure is reasonably necessary in the course of preparing for or giving potential or actual deposition or trial testimony, or preparing a possible or actual affidavit or declaration in this action;

(h)     The Court and any personnel of the Court.

No CONFIDENTIAL INFORMATION may be made available to any person identified in subsections (a), (e), (f), and (g) of this paragraph unless he or she shall have first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL INFORMATION to anyone other than persons designated herein as provided herein, and agreed to utilize such CONFIDENTIAL INFORMATION solely for

6

the purpose of this litigation. Each such person shall execute an agreement acknowledging and agreeing to the foregoing in the form annexed hereto as Exhibit 1. The disclosing party shall have the obligation to maintain records identifying all such persons to whom CONFIDENTIAL INFORMATION has been disclosed; provided, however, that the disclosing party shall have no obligation to disclose such records to the opposing party or any other person unless ordered to do so by the Court.

4.      Any document, thing, or information requested in discovery of this matter, which, in the good faith opinion of the party providing such discovery (the "producing party"), contains highly sensitive and essential trade secret or other confidential, development, proprietary or commercial information, the disclosure of which could would create a substantial risk of serious injury that could not be avoided by less restrictive means, may be designated by the producing party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." CONFIDENTIAL – ATTORNEYS' EYES ONLY information, designated as such in accordance with paragraph no. 5 of this Order, shall be disclosed or made available only to persons specified in paragraph no. 6 of this Order.

5.      CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be made subject to this Confidentiality Agreement as follows:

(a)      With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any such information appears with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(b)     If, in lieu of producing copies of original documents which contain such information, a party makes such originals available for inspection, counsel for the producing party may orally designate such original documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," thereby making them subject to this Order.  However, any copies of such documents must be marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party at the time they are supplied to opposing counsel in order to make such copies subject to this Order.

(c)     Specific testimony or information disclosed at a deposition may be designated by a Party (or by the non-party that gives the testimony) by indicating on the record at the deposition what specific portion of the testimony contains CONFIDENTIAL  - ATTORNEYS' EYES ONLY INFORMATION and is subject to the provisions of this Order.  When a Party or non-party believes that it is impractical to identify separately during the course of a deposition, it shall so state on the record.  The Party or non-party shall then have the right up to 10 days after the deposition is prepared to identify in writing the specific portions of the testimony as to which protection is sought, by page and line number, and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Order.

8

Transcript pages containing CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(d)     To the extent that responses to written discovery contain CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION, such information shall be provided in a separate document and designated as CONFIDENTIAL - ATTORNEYS' ONLY INFORMATION by prominently marking the document "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(e)     Tangible objects may be designated as ATTORNEYS' EYES ONLY by affixing to the object or its container a label or tag marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(f)     Except as provided in this paragraph, without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY.  A Party that seeks to file under seal any information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY must do so in compliance with any applicable decision(s) of the United States Court of Appeals for the Fourth Circuit and with any decision(s) and/or applicable procedure(s) of this Court.  To the extent not

inconsistent with any such decision(s) and procedure(s), the following procedure shall apply. A party that seeks to file under seal any information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY must make a motion to file documents under seal with the Court. If the Court denies the request to seal, then the Receiving Party must wait three business days. If the Designating Party does not file a motion for a protective order within three business days of the denial of the request to seal, the Receiving Party may file the information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY in the public record on or after the fourth business day following the denial of the request to seal. If the Designating Party moves for a protective order within three business days, the Receiving Party may, in opposing such motion, seek leave to file the information at issue in the public record in the event that the motion is denied, and may file such information in the public record if the request to do so is granted. Information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY that is subject to a request to file under seal will, upon becoming appropriate for filing in the public record pursuant to the terms of this paragraph and upon actual filing, be deemed filed when initially presented to the Court with the request to file under seal.

(g)    A party that fails to mark an item as CONFIDENTIAL – ATTORNEYS EYES ONLY at the time of production may later correct its failure in writing, accompanied by substitute copies of each item, container, or folder,

10

bearing the appropriate confidentiality legend. Within five (5) days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked items, containers or folders and all copies, and shall subsequently treat such substituted items as CONFIDENTIAL - ATTORNEYS EYES ONLY.

6.     CONFIDENTIAL - ATTORNEYS' EYES ONLY information, and any analysis or report containing CONFIDENTIAL - ATTORNEYS' EYES ONLY information, may be made available to, and inspected only by, attorneys and staff of the Recipient party's law firm who have a reasonable need to review the material for the purposes of this litigation. The party receiving the information from the Producing Party shall be referred to as the "RECIPIENT PARTY." In addition, such information may be disclosed to:

(a)     Any in-house corporate counsel for the Recipient party or parties, and any necessary support personnel assisting such attorneys, who have a reasonable need to review the material for the purpose of this litigation;

(b)     Court reporters recording testimony involving such documents or information and reasonably necessary stenographic and clerical personnel;

(c)     Outside copy services or professional vendors engaged by the receiving party's attorneys only and whose functions reasonably require them to have access to the material for the purpose of this litigation;

11

(d)     Potential or actually retained independent experts and their staff who

have a reasonable need to review the material for purposes of this litigation;

(e)     The Court and any personnel of the Court; and

(f)     The author of the document, the original source of the information,

and all person(s) to whom the document was sent by the author.

CONFIDENTIAL - ATTORNEYS' EYES ONLY information may not be made

available to any person identified in subsections (a) and (d) of this paragraph unless he or

she shall have first read this Order, agreed to be bound by the terms thereof, agreed not to

reveal such information to anyone other than persons designated herein and agreed to

utilize such information solely for the purpose of this litigation.  Each such person shall

execute an agreement acknowledging and agreeing to the foregoing in the form annexed

hereto as Exhibit 1.

7.     In the event that counsel for a party deems it necessary to disclose any

information of the producing party designated as either "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or generally as "CONFIDENTIAL INFORMATION" to

any person not specified in paragraphs nos. 3 or 6 of this Order, said counsel shall notify

counsel for the producing party in writing of:  (a) the information to be disclosed, and (b)

the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement

regarding such disclosure.  If an agreement cannot be reached, the objecting party may

file an appropriate motion with the Court within ten (10) days of receiving notice of the

request for disclosure.  If the objecting party does not seek relief from the Court within

12

ten (10) days, the objection is waived and the designated information and material may be disclosed to the person identified in the notice. In the event of such motion, the information shall not be disclosed unless and until the Court rules that such disclosure may be made. The party asserting confidentiality shall have the burden of proving same.

8.     Any party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass and indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified and made without good faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the producing party to sanctions.

9.     CONFIDENTIAL INFORMATION, described in paragraph no. 1 of this Order, or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, described in paragraph no. 4 of this Order, obtained from a producing party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of this action. No party or person shall make any other use of any such information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by court order.

10.     Nothing herein shall be construed:  (a) as preventing any party from using or continuing to use any information that is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known

or used by it if such information was lawfully obtained by the party other than through discovery of the producing party. Should a dispute arise as to whether any specific information or materials is or was publicly known or lawfully obtained other than through discovery of the producing party, the party who has used the information shall have the burden of proof for establishing that the information was publicly known or was lawfully obtained other than through discovery.

11. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL – ATTORNEYS' EYES ONLY designation or CONFIDENTIAL INFORMATION under paragraphs nos. 1 or 4 respectively at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any receiving party to this litigation disagrees at any point in these proceedings with the designation by the producing party of any information as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY under paragraphs nos. 1 or 4 of this Order, the receiving party shall notify the producing party in writing of such dispute, and the parties shall try to dispose of such dispute in good faith on an informal basis. If the parties are unable to reach agreement, the objecting party may seek appropriate relief from the Court, and the party asserting confidentiality shall have the burden of persuasion regarding the confidentiality of the information.

12. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to CONFIDENTIAL – ATTORNEYS' EYES ONLY

information or CONFIDENTIAL INFORMATION under paragraphs nos. 1 and 4 of this Order designated by said individual or entity in accordance with this Order.

13.     All persons having knowledge of, access to or possession of any CONFIDENTIAL – ATTORNEYS' EYES ONLY information or CONFIDENTIAL INFORMATION as designated under paragraphs nos. 1 or 4 of this Order as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this Order or by further order of the Court.

14.     If CONFIDENTIAL – ATTORNEYS' EYES ONLY information or CONFIDENTIAL INFORMATION designated under either paragraphs nos. 1 or 4 and submitted in accordance with this Order is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

15.     Within sixty (60) days after expiration of the time to appeal the final disposition of this matter, or after the conclusion of any appeal and, if the appeal results in another hearing of this matter, in whole or in part, after the expiration of the time to appeal any decision on rehearing, all documents, objects and other materials produced or designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL

INFORMATION under paragraphs nos. 1 or 4 of this Order, and all reproductions thereof, shall be destroyed. In the event the parties agree to a settlement, all documents, objects and other materials produced or designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION under paragraphs nos. 1 or 4 of this Order, and all reproductions thereof, shall be destroyed within 60 days of the final disposition of this matter. Insofar as the provisions of this Order restrict the communication and use of information produced hereunder, such restriction shall continue to be binding after the conclusion of this litigation. Any materials produced or designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION under paragraphs nos. 1 or 4 of this Order submitted to the Court in connection with a motion, trial, or other proceeding within the purview of this litigation shall be submitted as set forth in paragraphs nos. 2 and 5 above and shall be maintained under seal.

Notwithstanding the provisions in the immediately preceding paragraphs, Counsel are entitled (i) to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda or correspondence, even if such materials contain information designated CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY, and (ii) to retain or destroy, as it chooses, any work product, even if it contains information so designated. Any such retained material that contains or constitutes CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY remains subject to this Order.

16.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated by the producing party in this action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

17.     The parties to this action have consented to this Order in order to facilitate discovery and the production of relevant evidence.  Neither the consent to this Order nor

the designation of any information, document, or the like as CONFIDENTIAL –

ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION under paragraphs

nos. 1 or 4, nor the failure to make such designation, shall constitute evidence with

respect to any issue in this action.

18.     The terms of this Order shall be applicable to any information produced by

a third party if such third party designates the information as CONFIDENTIAL –

ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION in accordance with

paragraphs nos. 1, 2, 3, 4 and/or 5 of this Order.  If either party seeks discovery from any

third party, the requesting party shall provide a copy of this Order to the third party along

with any subpoena or deposition notice that is served.  In addition and at the same time,

the requesting party shall inform the third party in writing that any production of

information may be made subject to the protections of this Order if the producing third

party complies with the terms of paragraphs nos. 1, 2, 3, 4 and/or 5 of this Order.  Any

third party who produces information in accordance with the terms of this Order shall be

entitled to all of the protections and remedies established herein, including the right to

notice explained in paragraph no. 7.

19.     Nothing in this Stipulated Protective Order precludes counsel for the Parties

from amending it by means of a written amendment submitted to and approved by the

Court.

20.     This Order is without prejudice to the right of either party to seek relief

from the Court, upon good cause shown, from any of the restrictions provided above or to

request additional restrictions on the disclosure of any information or material produced in this action. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

21.     Nothing in this Order shall preclude any party from using its own documents, objects and other materials which may be designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION under paragraphs nos. 1 or 4 of this Order in any manner it chooses.

22.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

23.     The Court may impose appropriate sanctions, including but not necessarily limited to attorneys' fees and costs, for any violation of this Order.

24.     The Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them respecting improper use of information disclosed under protection of this Order.

SO ORDERED:  This 26th day of October, 2007.

_Wallau Wam_
_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD G. TATUM, individually and )
on behalf of a class of all other persons )
similarly situated, )
                                  )
          Plaintiffs, )
                                  )
v. )      Civil Action No. 1:02 CV 00373
                                  )
R.J. REYNOLDS TOBACCO )
COMPANY, *et al.*, )
                                  )
          Defendants. )
                                  )

## **AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER**

     .I confirm that I have read the Stipulated Protective Order entered in this action in

the United States District Court for the Middle District of North Carolina on

_____, 2007, a copy of which is attached hereto.

     2.      I hereby confirm and reiterate that:

          a.      I will maintain the confidentiality of the Confidential Information in

accordance with the Stipulated Protective Order, will use, store and maintain such

information so as to safeguard against the disclosure of such Confidential

Information to any unauthorized person; and will comply with all applicable

physical and electronic security measures as required under the Stipulated

Protective Order.

          b.      I will use any Confidential Information imparted to me under the

Stipulated Protective order only for the purpose of the above litigation, and I will

1

make no commercial or other use of any part of such Confidential Information, nor will I assist to permit any other person to do so.

        c.      At the conclusion of this litigation, I will comply with paragraph no. 15 of the Stipulated Protective Order by destroying all Confidential Information (in all forms) in my possession or control.

        3.      I agree to be subject to the continuing jurisdiction of the United States District Court for the Middle District of North Carolina in connection with this Agreement and the enforcement thereof, and I specifically acknowledge that, should I fail to abide by the terms of this Agreement and the Stipulated Protective Order, that Court has the power to impose sanctions on me for such violation.

        It witness whereof, I have caused this agreement to be executed this _____ day of _____, 200_.

        Name: _____