IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD G. TATUM, individually )
and on behalf of a class of all other )
persons similarly situated, )
)
Plaintiff, ) 1:02CV00373
)
v. )
)
R.J. REYNOLDS TOBACCO )
COMPANY, et al. )
)
Defendant. )

## MEMORANDUM ORDER

This action arises from a dispute regarding the alleged mismanagement of a defined contribution retirement plan and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This matter is before the Court on Defendants' Motion to Decertify the Class [Doc. # 263].[1] For the reasons set forth below, Defendants' Motion to Decertify the Class is DENIED.

I.

The relevant facts with respect to this Memorandum Opinion and Order were set forth in the September 29, 2008, Memorandum Opinion regarding class certification. [Doc. # 209.] With the addition below, the facts from that Memorandum Opinion are adopted here.

In December 2007, Plaintiff Richard Tatum ("Tatum") moved to certify the

---

[1] Both parties submitted suggestions of subsequently decided authority. [Doc. # 287, 292, 293] which has been reviewed and considered in this opinion.

following class:

> All participants in the R.J. Reynolds Tobacco Company Capital Investment Plan ("Plan") for whose individual accounts the Plan held shares of Nabisco Group Holdings (NGH) common stock and/or Nabisco (NA) common stock at any time from June 14, 1999 and including January 31, 2000. The class excludes officers and directors of R.J. Reynolds Tobacco Holdings, Inc., R.J. Reynolds Tobacco Company, RJR Industries, Inc., R.J. Reynolds Tobacco International, Inc., and RJR Tobacco Consolidated IHC, Inc.; members of their immediate families; and the heirs, successors or assigns of any of the foregoing.

[Doc. # 118]. The parties' briefs were complete and submitted to the Court for consideration in January 2008. In February 2008, the United States Supreme Court decided LaRue v. DeWolff, Boberg & Associates, Inc., 128 S. Ct. 1020 (2008), which clarified that breach of fiduciary duty claims under ERISA § 502(a)(2) could be brought by participants of defined contribution plans who alleged that their individual accounts had been adversely affected by the breach. In June 2008, the Fourth Circuit determined LaRue to be controlling in its decision in In re Mutual Funds Investment Litig., 529 F.3d 207 (4th Cir. 2008), where Plaintiffs in a class action had cashed out their accounts prior to the divestment of shares in a fund. The Fourth Circuit determined those who had cashed out their accounts had standing to sue because their claims were based on allegations that the fiduciaries' breaches diminished the values of their individual accounts. Plaintiffs submitted both cases to this Court as subsequent authority prior to the class certification ruling.

On September 29, 2008, the Plaintiff class was certified. [Doc. # 209, at 5].

In October 2008, Defendants petitioned the Fourth Circuit for permission to appeal this Court's class certification order pursuant to Federal Rule of Civil Procedure 26(f). The Fourth Circuit rejected the petition on November 18, 2008. On January 9, 2009, Defendants filed the Motion to Decertify the Class which is now before the Court.

II.

A court may reconsider class certification at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C). However, amending a certification order is disfavored in "the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent." 3 Newberg on Class Actions § 7:47 (4th ed.). This reasoning is consistent with the general rules regarding motions to reconsider, which are improper where a party simply "ask[s] the Court to rethink what the court had already thought through - rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

III.

Defendants contend that their Motion to Decertify the Class is more than a mere motion to reconsider because there has been "intervening case law" - in the form of LaRue and In re Mutual Funds - which has merit because it "overturned legal principals on which this Court relied to certify the class." [Doc. #278 at 2] . This Court disagrees.

Defendants have presented no evidence or controlling case law that has

been discovered or issued which would merit revisiting the original class certification order. In fact, Defendants' only basis for decertifying the class is their own disagreement with the Court's certification opinion. Both <u>LaRue</u> and <u>In re Mutual Funds</u>, were decided, published, presented by Plaintiffs as subsequent authority, and considered by this Court when the class certification order was issued in September 2008. Defendants' suggestion that the Court merely needed assistance from the parties in order to understand those opinions and come to a different conclusion is, at the very least, an inadequate basis for revisiting the class certification decision or decertifying the class.

Nonetheless, this Court has reviewed its Memorandum Order of September 29, 2008, and the parties' briefs on Defendants' motion to decertify the class and finds no reason to alter or amend the original certification order. Therefore, Defendants' Motion to Decertify the Class is DENIED.

This the 7th day of January, 2010.

/s/ _____
Senior United States District Judge