IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD G. TATUM, individually and on behalf of a class of all other persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:02CV00373 |
| v. | ) ) | |
| R.J. REYNOLDS TOBACCO COMPANY, et al. | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

This action arises from a dispute regarding the alleged mismanagement of a defined contribution retirement plan and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This matter is before the Court on Plaintiff's Motion to Strike Defendants' Second Further Affidavit of Robert R. Gordon, Jr., and Exhibit 2DA3 to the Second Further Affidavit of Kathy J. Dawson. [Dock. #242] For the reasons stated below, Plaintiffs' Motion to Strike is DENIED.

I.

The parties in this case filed cross-motions for summary judgment on September 18, 2008. After a review of the summary judgment record, the Court scheduled a hearing for December 10, 2009, to resolve all outstanding motions, including the issues on summary judgment. At the hearing, Plaintiff's counsel and Defendants' counsel both represented to the Court that they were not prepared to argue any motions, including the outstanding summary judgment motions, nor were

they prepared to discuss any other outstanding issues for trial, including numerous pending motions in limine and objections to pretrial disclosures.

With a bench trial scheduled to begin on January 12, 2010, and only one day reserved on January 11, 2010, for pretrial matters, the summary judgment arguments and other pretrial arguments related to the outstanding motions in limine and pretrial disclosure objections were rescheduled to be held the week of January 11, 2010. Based upon the record before the Court prior to trial, summary judgment was effectively denied, as all of the defenses advanced by Defendants required resolution of disputed facts at trial.

II.

In opposition to Plaintiff's motion for summary judgment, Defendants submitted an affidavit (the "Gordon Affidavit") and handwritten notes by Robert Gordon (the "Gordon Notes"), which Plaintiff moved to strike during the briefing related to summary judgment. Plaintiff claims Gordon's statements in the affidavit contradict portions of his deposition testimony and that the Gordon Notes are inadmissible hearsay and not subject to any exception to the hearsay rule.

The Plaintiff's motion to strike the Gordon Affidavit and the Gordon Notes is DENIED as MOOT. As the Court heard all evidentiary matters during the trial and prior to that time had determined all issues for trial were not appropriate for disposition on summary judgment, the issues regarding the Gordon Affidavit and Notes are moot for

2

summary judgment purposes.[1] Thus, Plaintiffs' Motion to Strike [Dock. # 242] is DENIED.

This the 24th day of September, 2010.

                                                         /s/ N. Carlton Tillley, Jr.
                                                 Senior United States District Judge

---

[1] At trial, the Court did consider the admissibility of the Gordon Notes and ruled they were admissible for impeachment purposes only because Defendants failed to show they fell under any exception to the hearsay rule.